**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: | |
| DANNY JOE BLAKENEY, | CASE NO. 09-51102-NPO |
| DEBTOR. | CHAPTER 11 |
| DANNY JOE BLAKENEY | PLAINTIFF |
| V. | ADV. PROC. NO. 09-05064-NPO |
| CHEROKEE ENVIRONMENTAL CONSTRUCTION, INC., CUTTING EDGE ENTERPRISES, LLC, DD DEL THORNTON HILL, LP, AND DOOR CREEK CONSTRUCTION, INC. | DEFENDANTS |

**MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT**
**IN FAVOR OF DOOR CREEK CONSTRUCTION, INC.**

This matter came before the Court on the Motion for Summary Judgment by Defendant, Door Creek Construction, Inc. (the "Motion") (Adv. Dkt. No. 40), filed by Door Creek Construction, Inc. ("Door Creek"), the Plaintiff's Opposition to Defendant Door Creek Construction, Inc.'s Motion for Summary Judgment (the "Response") (Adv. Dkt. No. 46), filed by Danny Joe Blakeney (the "Debtor"), and the Reply to Plaintiff's Opposition to Defendant Door Creek Construction, Inc.'s Motion for Summary Judgment (the "Reply") (Adv. Dkt. No. 47)[1], filed in the above-styled adversary proceeding (the "Adversary"). Door Creek is represented in the matter by Alan L. Smith ("Mr. Smith"), and the Debtor is represented by Raymond S. Sussman ("Mr. Sussman"), admitted

---

[1] On April 14, 2010, the Debtor filed Plaintiff's Combined Motion to Strike Defendant's Sur Response ("Motion to Strike") (Adv. Dkt. No. 49), referring to the pleading defined as the Reply herein. On April 20, 2010, Door Creek filed Defendants' Response to Plaintiff's Combined Motion to Strike Defendants' Sur Response (Adv. Dkt. No. 50). By separate order, the Court denies the Motion to Strike.

*pro hac vice* by order of this Court (Dkt. No. 26) and M. McIntosh Forsyth ("Mr. Forsyth"), local counsel. The Court, having considered the pleadings and exhibits, and being fully advised in the premises, finds that the Motion is well-taken and should be granted. Specifically, the Court finds as follows:[2]

## Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Notice of the Motion was proper under the circumstances.

## Facts and Procedural History

On May 29, 2009, the Debtor filed a voluntary petition (Dkt. No. 1) under chapter 11 of Bankruptcy Code. On September 1, 2009, the Debtor filed a Complaint (the "Adversary Complaint") (Adv. Dkt. No. 1), in which he alleged breach of contract claims. The Adversary Complaint asserts that Door Creek breached its obligations to the Debtor under a contract to "jointly prepare certain land for a major building project. . . ." and consequently owes the Debtor damages in the amount of $5,323,458.80, together with attorney fees, interest and costs. Adversary Complaint, pp. 1-6. In the Answer of Door Creek Construction, Inc. (the "Answer") (Adv. Dkt. No. 13), Door Creek denied the existence of any contract with the Debtor. Answer, pp. 3-6.

On February 22, 2010, Door Creek filed the Motion. In the Motion, Door Creek asserts that it is entitled to a judgment as a matter of law based upon the Debtor's deemed admissions (the "Deemed Admissions"), which were the result of the Debtor's failure to respond timely to Requests

---

[2] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

for Admissions, together with the Affidavit of David L. Norsetter (the "Norsetter Affidavit"), attached to the Motion as Exhibit B. Door Creek asserts that the Deemed Admissions together with the Norsetter Affidavit leave no genuine issues of material fact for trial.

## Issue

At issue before the Court is whether Door Creek is entitled to a judgment as a matter of law based upon the Norsetter Affidavit and the Debtor's Deemed Admissions.

## Standard of Review

Federal Rule of Civil Procedure ("F.R.C.P.") 56, made applicable to this Adversary pursuant to Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7056, provides in relevant part, that "[a] party against whom relief is sought may move at any time, with or without supporting affidavits, for a summary judgment on all of part of the claim." F.R.C.P. 56(b). Summary judgment is not disfavored, but rather is looked upon as an important process through which parties can obtain a "just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

Summary judgment is properly entered when the pleadings, depositions, answers to interrogatories, and admissions on file "show that there is not genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c); Celotex, 477 U.S. at 322. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). Summary

judgment should be granted where the non-moving party "has failed to make a sufficient showing on an essential element of [the] case with respect to which [the party] has the burden of proof." Celotex, 477 U.S. at 322.

Furthermore, the existence of a mere scintilla of evidence in support of the non-movant's position is also insufficient. See Liberty Lobby, 477 U.S. at 252. There must be evidence on which the jury could reasonably find for the non-movant, and at least one genuine issue of material fact must exist. See Middleton v. Reynolds Metals Co., 963 F.2d 881, 882 (6th Cir. 1992).

## Discussion

**A.  The Norsetter Affidavit.**

F.R.C.P. 56, made applicable to this proceeding by F.R.B.P. 7056, states in pertinent part:

> **Opposing Party's Obligation to Respond.**  When a motion for summary judgment is properly made and supported, an opposing party may not rely merely upon allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

F.R.C.P. 56(e)(2).

In the case at bar, Door Creek attached the Norsetter Affidavit to the Motion as Exhibit B. In the Norsetter Affidavit, David L. Norsetter ("Mr. Norsetter") attested *inter alia* to the following:

1. He is the President of Door Creek;

2. He is familiar with the business records of Door Creek;

3. He was personally involved in Door Creek's construction project (the "Project") which underlies this Adversary;

4. From his personal knowledge and a review of the business records of Door Creek:

    a.  Door Creek has not ever entered into a contract with the Debtor;

    b.  Door Creek has not ever been a signatory to any contact with the Debtor; and

    c.  No document or other evidence exists that would demonstrate that Door Creek and the Debtor entered into any contractual agreement (oral or written) for the Debtor to work on the Project as alleged in the Adversary Complaint or by which Door Creek would "use the licenses" referred to in ¶ 10 of the Adversary Complaint.

In the Response, the Debtor offers absolutely no affidavits or other evidence to rebut the Norsetter Affidavit as required by F.R.B.P. 7056(e)(2). Instead, the Debtor argues that whether the Debtor is a third-party beneficiary of a contract made between certain Defendants is a genuine issue of material fact for trial. The argument regarding the Debtor's status as a third-party beneficiary is misplaced. The Adversary Complaint contains no averments that the Debtor has third-party beneficiary status. In fact, the Adversary Complaint specifically alleges that the Debtor was a party to a contract with the Defendants, including Door Creek, which the Defendants breached, resulting in damages to the Debtor.

The Debtor did not obtain written consent of Door Creek or leave of this Court to amend the Adversary Complaint as required by F.R.B.P. 7015(a)(2). As such, the Debtor's newly-asserted argument for third-party beneficiary status, raised for the first time in the Response, is not properly before the Court. Accordingly, the Court shall not consider this argument for purposes of the Motion.

Even if the Court were to consider the Debtor's newly-asserted argument for third-party status, the Court would conclude that the Debtor's newly-asserted argument is misguided.

Mississippi case law is well-established in this area. In order to be considered a third-party beneficiary to a contract to which he is not a signatory,[3] the Debtor must prove that:

> [T]he contracts between the original parties must have been entered for [the third-party's] benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by [the contract's] terms. There must have been a legal obligation or duty on the part of the promisee to such third-party beneficiary. This obligation must have been a legal duty which connects the [third-party] beneficiary with the contract. In other words, the right of the third-party beneficiary to maintain an action on the contract must spring from the terms of the contract itself.

Burns v. Washington Savings, et al., 171 So. 2d 322, 325 (Miss. 1965).

In Burns, the Mississippi Supreme Court rejected a construction contractor's assertion that he was a third-party beneficiary to a lender's loan commitment to the construction project's owner. Id. at 326. The factual scenario in Burns is analogous to the case at bar in that, in both cases, the plaintiffs' third-party beneficiary claims rest on the proposition that construction contracts entered into by others would constitute a monetary benefit to them as employees of a subcontractor. Id. at 322. In rejecting the third-party beneficiary claim in that case, the Burns court concluded that all such contractors, engineers, and materialmen were "merely incidental beneficiaries and not third-party beneficiaries within the intent, terms and meaning of the contract [at issue]." Id. at 325. The court indicated that the "controlling principal" of third-party beneficiary law is:

> that one not a party to a contract can sue for a breach thereof only when the condition which is alleged to have been broken was placed in the contract for his direct benefit. A mere incidental beneficiary acquires by virtue of the contractual obligation no right against the promisor or the promisee.

Burns, 171 So. 2d at 326.

---

[3] The Debtor attached two (2) contracts to the Adversary Complaint. Exhibit A is a contract solely between Cutting Edge Enterprises LLC and Cherokee Environmental Inc. Exhibit F is a contract solely between Cutting Edge Enterprises LLC and Door Creek Construction Inc. The Debtor is not a signatory to either contract.

The Debtor has failed to put forth any evidence that either of the contracts attached to the Adversary Complaint demonstrates that any of the Defendants had the requisite intent to make the Debtor a beneficiary to the contracts. The Debtor is not included by name within either of the Contracts nor is he included as a member of any specified class of people. In short, the contracts attached to the Adversary Complaint contain no provisions whatsoever for the benefit of the Debtor. To the contrary, Paragraph 15.6 of each contract states that "[t]his Agreement is solely for the benefit of the signatories hereto. . . ." Adversary Complaint at Exhibits A and F at ¶ 15.6. Therefore, the contracts not only fail to support the Debtor's newly-asserted claim of third-party beneficiary status, they expressly refute that claim. Accordingly, even if the newly-asserted argument for third-party status were properly before the Court, which is not the case, the Court would not be persuaded that it creates a genuine issue of material fact for trial.[4]

### B. The Deemed Admissions.

F.R.C.P. 36, made applicable to this proceeding by F.R.B.P. 7036, states in pertinent part:

> (a) **Scope and Procedure.**
>    (1) **Scope.** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>       (A) facts, the application of law to fact, or opinions about either; and
>       (B) the genuineness of any described documents.
>
> * * *
>
>    (3) **Time to Respond; Effect of Not Responding.** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on

---

[4] Contemporaneously herewith, the Court entered the Memorandum Opinion Granting Summary Judgment for DD Del, another defendant in this Adversary. The only difference in the facts in this Memorandum Opinion and that one is that while DD Del was not a party to either contract attached to the Adversary Complaint, Door Creek was a party to Exhibit F attached to the Adversary Complaint, which was a contract with yet another defendant and not the Debtor.

> the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> * * *
>
> (b) **Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . .

The Fifth Circuit has found that failure to respond to Requests for Admission results in a deemed admission for each of the matters for which an admission was requested, including ultimate facts. Carney v. IRS, 258 F.3d 415, 419-20 (5th Cir. 2001)(finding that admissions by default are an appropriate basis for granting summary judgment); Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991)(finding no genuine issue of material fact when defendant failed to response to requests for admission); Campbell v. Spectrum Automation Co, 601 F.2d 246, 253 (6th Cir. 1979)(court granted summary judgment based upon plaintiff's failure to admit or deny request for admission). An admission of the ultimate fact issue in the case by failing to reply to requests for admissions is sufficient to support summary judgment. Western Horizontal Drilling, Inc. v. Jonnet Energy Corp., 11 F.3d 65, 70 (5th Cir. 1994). Therefore, pursuant to Fifth Circuit case law, admissions by default are a proper basis for summary judgment if the admissions leave no genuine issues of material fact for trial.

In the case at bar, Door Creek asserts that it served Interrogatories, Requests for Production of Documents, and Requests for Admissions (collectively, "Written Discovery Requests") on the Debtor, via counsel, on December 29, 2009. The docket supports this assertion showing that Door Creek filed its Notice of Service of Discovery (Adv. Dkt. No. 32) on December 29, 2009, in which Mr. Smith certified that he served the Written Discovery Requests on both Mr. Sussman and Mr.

Forsyth.  The docket also shows that both Mr. Sussman and Mr. Forsyth received the Notice of Service of Discovery through CM-ECF electronic notification.  Furthermore, the Notice of Service of Discovery shows that Mr. Smith mailed the Written Discovery Requests to both Mr. Sussman and Mr. Forsyth at the same addresses the Court has listed for them on the docket.

The thirty (30) day deadline for answering the Written Discovery Requests expired on January 28, 2010.  Door Creek asserts, that based upon the Deemed Admissions together with the Norsetter Affidavit, no genuine issues of material fact exist and that it is entitled to a judgment as a matter of law.  Once the Motion was filed with evidence from the record to support Door Creek's assertion, the burden then shifted to the Debtor to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial.  Anderson, 477 U.S. at 248.

On February 4, 2010, this Court held a status conference (the "Status Conference") regarding this Adversary.  Mr. Sussman and Mr. Smith both appeared at the Status Conference.  Mr. Smith reported that Door Creek would be filing a dispositive motion based on the Deemed Admissions of the Debtor.  Mr. Sussman reported that he was unaware the deadline to respond had passed as he had been ill.  The Court informed Mr. Sussman that he would need to file a motion regarding his failure to respond timely to Door Creek's Requests for Admissions.  Mr. Sussman announced that he would.  To date, Mr. Sussman has not filed any motion for relief pursuant to F.R.B.P 7036(b) regarding the Deemed Admissions created by his failure to respond to Door Creek's Requests for Admissions.

Rather than filing a motion for relief, the Debtor, through Mr. Sussman, instead filed the Response.  In the Response, the Debtor asserts that "no discovery requests have been served on Plaintiff's Counsel to date" and that "[n]o discovery motion was served on Plaintiff's Counsel per

se." Response, p. 2. Mere argument of counsel, however is insufficient to oppose summary judgment. In re Stat-Tech Intl. Corp., 47 F.3d 1054, 1058 (10th Cir. 1995)(holding that to withstand summary judgment, a non-moving party "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof"). Significantly, Mr. Sussman does not deny having received the Notice of Service of Discovery via CM-ECF, which gave him actual notice that Door Creek had served the Written Discovery Requests upon the Debtor.[5] If Mr. Sussman failed to receive the Written Discovery Requests, he was under a good faith duty to contact Mr. Smith to inquire about the Written Discovery Requests and request a replacement copy of same.

Despite the requirement under F.R.B.P. 7056(e)(2) to do so, the Debtor failed to provide any affidavits or other evidence whatsoever to support his assertion that Door Creek did not serve the Debtor, via counsel, with Written Discovery Requests. In the face of no evidence rebutting the Notice of Service of Discovery on the Court's docket, and no motion for relief from the Requests for Admissions being deemed admitted as required by F.R.B.P. 7036(b), the Requests for Admissions remain admitted.

Based on the Deemed Admissions, the following facts are before the Court:

1. No contract existed between the Debtor and Door Creek (Request for Admission No. 1);

2. No document or evidence exists which would demonstrate any contractual obligation

---

[5] Mr. Sussman's participation in the Adversary is by virtue of his admission pro hac vice (Dkt. No. 26) in the main case, as sponsored by Mr. Forsyth, who agreed to act as local counsel for the Debtor. The Court finds it significant that Mr. Forsyth makes no assertion that he did not receive the Written Discovery Requests from Door Creek.

of any nature by which Door Creek is obligated to the Debtor (Request for Admission No. 16); and,

3. The Debtor cannot establish the essential elements of a breach of contact action against Door Creek (Requests for Admissions 3, 4, 5, 6, 7, 8, 9, 10, and 11).

## Conclusion

By failing to bring forth any affidavits or other evidence with his Response as required by F.R.B.P. 7056(e)(2), the Debtor is in the position of having placed absolutely no evidence before the Court to contradict the Norsetter Affidavit or the Deemed Admissions. The evidence contained in the Norsetter Affidavit and the Deemed Admissions mandates entry of a judgment dismissing all of the Debtor's claims against Door Creek as a matter of law. A separate order consistent with this opinion will be entered in accordance with F.R.B.P. 7054 and 9021.

/s/ Neil P. Olack

Neil P. Olack
United States Bankruptcy Judge
Dated: April 26, 2010